# UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Appellee,<br><br>    v.<br><br>SEAN COATES, WILLIAM K. SWEENEY, JEROME MARTIN, JR., AND SAMUEL CARSON,<br><br>        Appellants. | No. 21-3072<br>(consolidated with Nos. 21-3073, 21-3078, 22-3016, and 23-3015)<br><br>   1:98-cr-00329-RCL-2<br>   1:98-cr-00329-RCL-3<br>   1:98-cr-00329-RCL-4<br>   1:98-cr-00329-RCL-6 |

**UNOPPOSED MOTION TO REMAND THE RECORD AND TO STAY THE DEADLINE FOR DEFENDANTS-APPELLANTS' REPLY BRIEF**

Pursuant to D.C. Circuit Rule 41(b), Defendants-Appellants Samuel Carson, Sean Coates, William Kyle Sweeney, and Jerome Martin (together, "Defendants-Appellants"), respectfully submit this unopposed motion to remand the record to the district court for that court to consider recently disclosed material and develop the record as pertinent to the issues on appeal, and to stay the deadline for the filing of Defendants-Appellants' reply brief pending resolution of this motion. Specifically, Defendants-Appellants state as follows:

1.    As framed by this Court in granting certificates of appealability, the above-captioned consolidated cases present, *inter alia*, the issue of whether the government's allegedly improper withholding of certain materials submitted to the

1

district court under seal violated Defendants-Appellants' due-process rights. *See* Order, *United States v. Coates*, No. 21-3072 (D.C. Cir. Dec. 23, 2022).

2.    Pursuant to the government's continuing obligation under *Brady v. Maryland*, 373 U.S. 83 (1963), counsel for Plaintiff-Appellee the United States has made recent, supplemental *Brady* disclosures to undersigned counsel for Defendants-Appellants on three occasions since the filing of Plaintiff-Appellee's brief on April 4, 2025. The disclosures were made on April 11, 2025; April 22, 2025; and May 7, 2025.

3.    Each disclosure contains information related to Defendants-Appellants' claims in the above-captioned consolidated cases, including related to the murder of Robert "Butchie" Smith and, in particular, information regarding alternative suspects for the shooting.

4.    This evidence is central to Defendants-Appellants claims. As set forth in Defendants-Appellants' opening brief, trial testimony that Defendants-Appellants were responsible for Smith's murder was extraordinarily significant because it not only "supported a portion of the indictment" but also "formed the basis of the trial court's findings that all Appellants, either directly or through their participation in the conspiracy, were responsible for Smith's murder, which in turn caused the trial court to permit into evidence numerous hearsay statements Smith had made before his murder." Br. of Appellants at 12. In short, the murder of Smith was "a crime

that formed a key aspect of the government's case against all Appellants." *Id.* at 55; *see also id.* at 12-14, 21-22, 27-31, 42, 55-66, 80-82, 88.

5.      Moreover, during the first hearing on the government's motion to admit Smith's statements as hearsay against the Defendants-Appellants, defense counsel specifically requested *Brady* material related to Smith's murder. *Id.* at 27 (citing App. 145-147). The government stated it had none, and the trial court unequivocally stated that, if the government had any, it should turn it over. *Id.* at 27-28 (citing App.144-147). Defense counsel made repeated requests for evidence as to other possible suspects in Smith's murder. *See id.* at 28-29 (citing App. 223-224, 621).

6.      After consulting the record and speaking with their clients, it is the understanding of undersigned counsel for Defendants-Appellants that the material provided in the recent disclosures was not previously disclosed to defense counsel.[1]

7.      Defendants-Appellants recognize that the materiality of suppressed or otherwise undisclosed *Brady* evidence "must be evaluated in the context of the entire record," *United States v. Bagcho*, 151 F.Supp.3d 60, 73 (D.D.C. 2015) (quoting *United States v. Agurs*, 427 U.S. 97, 112 (1976)), and that undisclosed evidence must

---

[1] Counsel for Plaintiff-Appellee the United States has stated that, because all the closed files in this case have not been located (and the government's search remains ongoing), the government has been unable to ascertain whether the recently disclosed material was previously disclosed to defense counsel.

be considered "collectively, not item-by-item," *United States v. Lloyd*, 71 F.3d 408, 413 (D.C. Cir. 1995) (quoting *Kyles v. Whitley*, 514 U.S. 419, 436 (1995)).

8. A limited remand of the record to the district court pursuant to D.C. Circuit Rule 41(b) will enable the district court to consider the recently disclosed material and develop the record while this Court retains jurisdiction over the consolidated cases. *See, e.g.*, *United States v. Todd*, 287 F.3d 1160, 1163-65 (D.C. Cir. 2002) (remanding the record to district court for "further factual development" regarding facts that were otherwise "neither fully litigated nor part of the [existing] appellate record"); *United States v. Lawson*, 15 F.3d 1160 (Table), 1994 WL 9944, at *1 (D.C. Cir. 1994) (remanding the record to district court "for a further hearing and specific findings" on certain factual issues).

9. Accordingly, Defendants-Appellants respectfully request that this Court remand the record to the district court to consider the recently disclosed material and develop the record while this Court retains jurisdiction over the consolidated cases.

10. Defendants-Appellants further respectfully request that this Court stay the deadline for the filing of Defendants-Appellants' reply brief pending resolution of this motion. Defendants-Appellants' reply brief is otherwise currently due on June 3, 2025.

11.    Counsel for Defendants-Appellants conferred with counsel for Plaintiff-Appellee the United States, who stated that they do not oppose a limited remand for the district court to consider the recently disclosed material and develop the record as pertinent to the issues on appeal.

Respectfully submitted,

/s/ *Mark Lanpher*
Mark Lanpher
Allen Overy Shearman Sterling US LLP
1101 New York Avenue NW
Washington, D.C. 20005
(202) 508-8000
mark.lanpher@aoshearman.com

*Counsel for Sean Coates*

/s/ *Eric Kirchman*
Eric Hans Kirchman
Law Office Of Eric H. Kirchman
15 West Montgomery Avenue
Suite 205
Rockville, MD 20850
(301) 762-2909
kirchlaw@gmail.com

*Counsel for William K. Sweeney*

/s/ *John Longstreth*
John Longstreth
K&L Gates LLP
1601 K St. NW
Washington, D.C. 20006
(202) 778-9000
john.longstreth@klgates.com

*Counsel for Jerome Martin, Jr.*

/s/ *David B. Smith*
David B. Smith
DAVID B. SMITH, PLLC
108 North Alfred Street
Alexandria, VA 22314
(703) 548-8911
dbs@davidbsmithpllc.com

*Counsel for Samuel Carson*

May 27, 2025

## CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume and length limitations of Federal Rule of Appellate Procedure 27(d) and D.C. Circuit Rule 27(a) because it has been prepared in a proportionally spaced typeface using Microsoft Word in Times New Roman 14-point font and contains 807 words, excluding the items exempted by Federal Rule of Appellate Procedure 32(f).

*/s/ John Longstreth*
John Longstreth

## CERTIFICATE OF SERVICE

I hereby certify that I filed the foregoing through the Court's CM/ECF system, which will send a notice of filing to all registered users.

*/s/ John Longstreth*
John Longstreth